Filed 6/27/16  P. v. Montano CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO MONTANO,<br><br>    Defendant and Appellant. | B265307<br><br>(Los Angeles County<br>Super. Ct. No. PA027859) |

APPEAL from an order of the Superior Court of Los Angeles County, Scott M. Gordon, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following a suitability hearing under The Three Strikes Reform Act of 2012, enacted by the voters as Proposition 36 (Pen. Code § 1170.126),[1] the trial court found Mario Montano posed an unreasonable risk of danger to public safety and denied his petition for recall of his prison sentence and request for resentencing. On appeal Montano contends the trial court erred by failing to apply the narrow definition of "unreasonable risk of danger to public safety" found in the more recently enacted Proposition 47 (§ 1170.18), which reduced certain nonviolent felony crimes to misdemeanors and authorized, when appropriate, resentencing of qualified offenders under its provisions. We hold Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to Proposition 36 petitions. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 1998 a jury found Montano guilty of selling a controlled substance (heroin) (Health & Saf. Code, § 11352, subd. (a)), and possessing a controlled substance for sale (Health & Saf. Code, § 11351). The trial court found true specially pleaded allegations that Montano had suffered two prior serious or violent felony convictions for assault with a deadly weapon in 1979 and 1983 and sentenced him under the three strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) to an indeterminate state prison term of 25 years to life.

On December 7, 2012 Montano filed a petition for recall of his sentence and resentencing under Proposition 36, which amended the three strikes sentencing scheme to provide, in general, that a recidivist is not subject to an indeterminate life term for a third strike felony that is neither serious nor violent, unless the offense satisfies other criteria identified in the statute.[2] The amendments also allow inmates previously sentenced to

---

[1]     Statutory references are to the Penal Code unless otherwise indicated.

[2]     Prior to Proposition 36, the three strikes law provided that a defendant convicted of two prior serious or violent felonies would be subject to an indeterminate life sentence of at least 25 years to life upon conviction of a third felony, whether or not that felony was serious or violent. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285-1286.)

indeterminate terms under the three strikes law to petition for recall of their sentences and resentencing to the term that would have been imposed for their crime had they been sentenced under the new sentencing provisions. (§ 1170.126, subd. (a).) Montano argued in his petition that his nonviolent third strike convictions for possession and sale of a controlled substance made him eligible for recall of sentence and resentencing under Proposition 36.

In their opposition to the petition the People described Montano's extensive criminal background, including additional felony convictions suffered during his incarceration and a lengthy disciplinary history while in prison, and argued Montano currently posed an unreasonable risk of danger to public safety. (See § 1170.126, subd. (f) [inmate eligible under Proposition 36 shall be resentenced under new law "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety"].)

Montano argued he had not engaged in any violent crime for more than five years, had a clean disciplinary history during that time and had not been involved in prison gang culture. He also emphasized his age (55 years old) and his deteriorating health as factors making it unlikely he would pose a risk to public safety. Following a suitability hearing conducted over a three-day period, the court found Montano posed an unreasonable risk to public safety and denied his petition.

## DISCUSSION

As discussed, Proposition 36 was intended to "[r]estore the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime" and to permit "repeat offenders

---

Under the amended law, a defendant with two prior qualifying strike convictions is not subject to an indeterminate life sentence as a third strike offender when the current offense is neither serious nor violent (§ 1170.126, subd. (e)(1)) and does not meet one of the criteria in section 667, subdivision (e)(2)(C)(i)-(iii) (§ 1170.126, subd. (e)(2)), and none of the defendant's prior strike convictions was for one of the offenses listed in section 667, subdivision (e)(2)(C)(iv) (§ 1170.126, subd. (e)(3)).

convicted of non-violent, non-serious crimes like shoplifting and simple drug possession [to] receive twice the normal sentence instead of a life sentence." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 6, p. 109.) As part of its goal of limiting indeterminate life sentences to serious or violent felony offenders, Proposition 36 added section 1170.126, which permits inmates previously sentenced to life terms under an earlier version of the three strikes law to petition to recall their sentences and, if eligible for relief, to be resentenced to the term that would have been imposed for their crime under the new sentencing provisions. (§ 1170.126, subd. (a).) Even if the petitioner is otherwise entitled to be resentenced under the new three strikes law, however, the petition may be denied if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Proposition 47, passed by the voters in November 2014 as part of the Safe Neighborhoods and Schools Act (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, p. 73), was designed to reduce the punishment for certain drug and theft offenses by reclassifying them from felonies to misdemeanors. Like Proposition 36, Proposition 47 creates a postconviction procedure by which a person currently serving a sentence for a specifically identified drug or theft crime may petition for resentencing under the new law. If a Proposition 47 petitioner meets certain eligibility requirements, he or she must be resentenced to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Under Proposition 36 the court has broad discretion in determining whether an inmate poses a current danger to public safety. In making this determination, the court "may consider" the petitioner's criminal conviction history, disciplinary record and record of conviction and "any other evidence" the court determines to be relevant to the question whether imposing a new sentence would result in an unreasonable risk of danger to public safety. (§ 1170.126, subd. (g)(1)-(4).)

4

Under Proposition 47 the scope of the court's discretion to determine whether an inmate otherwise eligible for resentencing poses an unreasonable danger to public safety is more limited:  "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony" within the meaning of section 667, subdivision (e)(2)(C)(iv).  (§ 1170.18, subd. (c).)[3]

Montano contends the court should have applied Proposition 47's specific definition of "unreasonable risk of danger to public safety" to his suitability review and insists, had it done so, the court would have had no choice (based on his history) but to resentence him.  The question whether Proposition 47's definition of unreasonable risk of danger to public safety applies in Proposition 36 cases has divided the courts of appeal and is currently pending in the Supreme Court.[4]

Proponents of applying Proposition 47's definition to Proposition 36 cases have emphasized the identical language in Propositions 47 (section 1170.18, subd. (b)) and 36 (section 1170.126, subd. (f))—whether the defendant poses an "unreasonable risk of danger to public safety"—and observe section 1170.18, subdivision (c), specifically mandates that its definition of "unreasonable risk of danger to public safety" be used "throughout this Code."

Most appellate courts have rejected this incorporation of the narrow definition of section 1170.18, subdivision (c), however, emphasizing the vastly different purposes of the two statutory schemes:  Proposition 36 is directed to recidivists with a history of

---

[3]    The violent felony offenses identified in section 667, subdivision (e)(2)(C)(iv), include sexually violent offenses; certain sexual offenses against children including oral copulation, sodomy, sexual penetration, and lewd or lascivious conduct; homicide offenses; solicitation to commit murder; assault with a machine gun on a peace officer or firefighter; possession of a weapon of mass destruction; and "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death."

[4]    The cases currently pending in the Supreme Court on this issue include *People v. Guzman* (Apr. 2, 2015, G049135) [nonpub. opn.], review granted, June 17, 2015, S226410; *People v. Davis* (2015) 234 Cal.App.4th 1001, review granted, February 26, 2015, S225603; and *People v. Valencia* (2014) 232 Cal.App.4th 514, review granted, February 18, 2015, S223825.

qualifying serious or violent felony convictions, while Proposition 47 is concerned with relatively minor offenders guilty of nonserious and nonviolent theft and drug possession felonies. In addition, it has been observed that application of Proposition 47's definition to Proposition 36 petitions would result in absurd and unintended consequences. For example, a court considering a Proposition 36 petition from a serial pyromaniac could not consider if the inmate might commit further arson; or one hearing a petition from a sadist could not consider whether she might again commit mayhem because neither crime is identified in the narrow list of violent crimes to be considered in a Proposition 47 case.

In our view, those courts that have held Proposition 47's limited definition of unreasonable risk of danger to the public inapplicable to petitions for resentencing under Proposition 36 have the far better argument. Accordingly, we hold the trial court did not apply an incorrect legal standard when denying Montano's petition for resentencing under section 1170.126.[5]

## DISPOSITION

The June 16, 2015 order denying Montano's petition for resentencing under section 1170.126 is affirmed.


                                                                PERLUSS, P. J.

We concur:


        SEGAL, J.


        BLUMENFELD, J.[*]

---

[5]     Montano's appeal is limited to the legal issue of the applicability of Proposition 47's definition to Proposition 36 suitability determinations. He does not otherwise challenge the trial court's finding that he posed an unreasonable risk of danger to public safety.

[*]     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.